CASE 55.—PROCEEDINGS FOR THE APPOINTMENT OF A
        TESTAMENTARY TRUSTEE OF THE ESTATE OF
        W. C. HITE, DECEASED.—April 29, 1909.

## Hite v. Hite's Ex'or.

Appeal from Jefferson Circuit Court (Chancery
Branch, First Division.)

SAMUEL B. KIRBY, Judge.

From an order appointing John W. Barr as trus-
tee, Louis Hite, a devisee, appeals.—Affirmed.

1. Wills—Estates in Trust—Appointment of Trustees—Power
   of Court.—Testator devised his estate to three trustees, and
   provided that there should always be two trustees, and that
   an appointee under an appointment made with the consent of
   all the adult devises should not be required to give bond,
   and that, where an appointment was made without such con-
   sent, the trustee should execute a bond. One trustee resigned
   and one died. All the adult devises, except one and his daugh-
   ter, requested the appointment of a son of one of the original
   trustees. He was fitted for the trust, and would give the
   matter his personal attention. Held, that the court properly
   appointed him trustee as against the objection that a trust
   company should have been appointed.

2. Trusts—Trustees—Bonds—Liability of Sureties.—A bond
   of one appointed testamentary trustee conditioned as required
   in the will on his faithfully discharging the duties, with-
   out specifying any amount, is a common-law obligation, and
   the sureties are responsible for all moneys of the estate com-
   ing into the hands of the trustee notwithstanding the act of
   1908 (Acts 1908, p. 125, c. 49), providing that the bond of a
   fiduciary shall be in a penal sum, and that the surety shall
   not be liable beyond such sum.

JOHNSON & HIEATT for appellant.

HUMPHREY, DAVIE & HUMPHREY for appellee.

OPINION OF THE COURT BY JUDGE HOBSON—Affirm-
ing.

Many years ago W. C. Hite died in Jefferson
county, the owner of a large estate. By his will he

devised his estate in trust, the income to be paid to certain persons for life, and to others in remainder. He appointed as trustees Thomas L. Barrett, William W. Hite, and Judge John W. Barr. All three qualified. He left a widow and five children. The widow and the oldest son, W. W. Hite, have since died. Judge Barr resigned the trust and Allen R. Hite was appointed in his stead. Thomas L. Barrett died. When W. W. Hite died, Allen R. Hite was the only surviving trustee. The will provided that it was the desire of the testator that there should be always two trustees. It also provided that, if an appointment was made by the written consent of all the devisees over 21 years of age, the trustee so appointed should not be required to give bond; but, if the appointment was made without such consent, then he requested the court to require the trustee to execute "bond with good security for the faithful discharge of his duties." All the adult devisees, except Louis Hite and his daughter, Lucile Hite, requested the court to appoint John W. Barr as trustee, and to allow him to qualify without bond. Louis Hite opposed the appointment, insisting that a trust company should be appointed trustee. The court appointed John W. Barr, who executed a bond conditioned as provided in the will; with security worth double the amount of the estate; and, under an agreement between Barr and the Fidelity Trust Company of which he is the president, it was ordered by the court that he should appoint the Fidelity Trust Company as his agent to manage the trust, the trust company in consideration of receiving the compensation that would go to Barr guaranteeing his fidelity in the management of the estate. From this order Louis

Hite has appealed, insisting that the court erred in not appointing as trustee a trust company on the ground that a trust company is better qualified to manage such an estate; that it never dies; that it is always accessible; that it can give bond with less trouble than an individual; and that so large a bond would be required of the trustee that it would be very burdensome for an individual to give it, and difficult for the court to protect the estate by keeping the bond good. He also insists that the bond executed by Barr as trustee does not conform to the statute and is not sufficient.

We do not see that the circuit court abused a sound discretion in the matter. All the adult devisees, except Louis Hite and his daughter, requested the court to appoint Mr. Barr. Among other things, they wished him to be trustee for the reason that his father was one of the original trustees, and on account of the fact that they felt assured that he would give the matter his personal attention, and for other reasons that need not here be elaborated. He is a man eminently fitted for such a trust, and no objection is made here to him on that score. The court is not required to appoint a trust company as trustee, and especially is this true where a majority of the persons interested desire an individual appointed; or when from the nature of the case the appointment of the person selected will be likely to lead to a management of the estate that will be satisfactory to those interested. It seems to us from the record that the court made an ideal selection, and that no interest of the appellant's was prejudiced. The act of 1908 (Acts 1908, p. 125 c. 49) requires that the bond of a fiduciary shall be in a penal sum, and that the

surety shall not be liable beyond the sum so specified. This act was passed manifestly for the benefit of sureties in such bonds, and to protect them from the liability which had been imposed upon them in some cases under the previous statute under which they had been held liable without regard to the amount specified in the bond. The bond here specifying no amount, the sureties of the trustee are responsible for the faithful discharge of his duties by him and for all moneys coming to his hands belonging to the estate. The bond conforms to the provision of the will. The absence of an amount to limit the liability of the sureties can hurt nobody but the sureties, and they are bound upon the bond as a common-law obligation. The proof filed before the chancellor shows that the bond is amply sufficient. If at any time it should develop that the bond is not sufficient, the trustee may be required to give an additional bond in the circuit court.

Judgment affirmed.